IN RE: THE CONFINEMENT OF GRACIE MAE HAYES

No. 7314SC149

(Filed 27 June 1973)

**Habeas Corpus § 2; Insane Persons § 1— commitment of insane person to hospital — constitutionality of statutes**

  G.S. 122-59, G.S. 122-63 and G.S. 122-65 providing for temporary detention of persons becoming suddenly violent and dangerous to themselves or others and for commitment by the clerk of superior court of such persons for observation and treatment do not comport with constitutional requirements of procedural due process and are therefore unconstitutional on their face; hence, the writ of habeas corpus was properly granted for petitioner who had been hospitalized for three years under those statutes.

ON *certiorari* to review an order of *Bailey, Judge* of Superior Court, entered 20 October 1972 in DURHAM County.

On 14 April 1969, Gracie Mae Hayes, a seventeen year old female, was living with her sister in Durham, N. C. On that same day, she was hospitalized in John Umstead Hospital in Butner, North Carolina, by virtue of an affidavit executed by Dr. Byron McLean pursuant to the emergency hospitalization statute. G.S. 122-59. The affidavit was addressed to the Sheriff of Durham County and stated: "I have carefully examined Gracie Mae Hayes . . . and believe her to be suddenly (homicidal) or (suicidal), or dangerous to himself (sic) or others." Dr. McLean certified that Miss Hayes "should be taken into protective custody and transported immediately to John Umstead Hospital. . . ."

On the same day, 14 April 1969, Miss Hayes was examined by two physicians—Dr. McLean, the affiant, and Dr. Steven J. Davis. The two signed a statement that they had carefully examined Miss Hayes and believed her "to be suffering from (mental illness) or (inebriacy) and to be, in the opinion of each of the undersigned, a fit subject for admission into a psychiatric hospital."

On 28 April 1969, a hearing was held at John Umstead Hospital by the Assistant Clerk of Court, Granville County, to determine whether Miss Hayes should be committed for observation and treatment pursuant to G.S. 122-63. Notice of this hearing was given Miss Hayes by service on a member of the hospital staff at 3:00 p.m., 28 April 1969. The hearing was held at 3:50 p.m. that same day.

In re Confinement of Hayes

The information before the Assistant Clerk of Court included the 14 April 1969 affidavits by Dr. McLean and Dr. Davis, and an affidavit by a Durham County Department of Social Services caseworker, executed on 15 April 1969 stating that she believed Miss Hayes to be mentally ill and "a fit subject for admission into a psychiatric hospital."

Included with the affidavits as State's Exhibit # 2 is a "Medical Questionnaire for Physician." This questionnaire is unsigned and undated, though presumably it was before the Assistant Clerk at the 28 April hearing. It stated the following: that the conduct of the patient had been to leave "home several days at a time . . . having intercourse with several members of (the) community sustaining vaginal bleeding endangering health"; that the patient had previously been treated in a mental institution for approximately three years; that the patient does not use alcohol or drugs; that the patient had never attempted or threatened suicide; and that the patient had never attempted or threatened homicide.

Miss Hayes was committed for a period of observation and treatment not exceeding 180 days pursuant to G.S. 122-63. On 13 October 1969, the Superintendent of John Umstead Hospital signed a recommendation stating that Miss Hayes' condition had been essentially the same, and "it is recommended that she be hospitalized for a minimum necessary period." On 6 November 1969, Miss Hayes signed a waiver of her right to appear and protest her commitment to John Umstead Hospital. On 7 November 1969, following the recommendation of the Superintendent of John Umstead Hospital, the Clerk of Court, Granville County, ordered that Miss Hayes be hospitalized in John Umstead Hospital "for a minimum necessary period according to law."

On 12 October 1972, an application for a writ of habeas corpus was filed with Judge Bailey on behalf of Miss Hayes. On the same date, the writ of habeas corpus was issued setting a hearing on 16 October 1972. On 20 October 1972 following the hearing, Judge Bailey ordered Miss Hayes released from the custody of John Umstead Hospital. In his order Judge Bailey found that Miss Hayes had not had assistance of counsel at any of the commitment proceedings and that her restraint since 15 April 1969 was illegal because "N C GS 122-59, 122-63, and 122-65 are unconstitutional in that they do not require adequate notice, counsel, witnesses and a hearing before a judicial officer

at all stages of procedures which may result in deprivation of liberty, contrary to the mandates of due process of law."

The State of North Carolina petitioned for certiorari and asked for a stay of execution of Judge Bailey's order. This court allowed the petition for certiorari and denied the motion for a stay of execution.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*William Woodward Webb for the plaintiff.*

BROCK, Judge.

In our opinion, the provisions of G.S. 122-59, G.S. 122-63, and G.S. 122-65 do not comport with constitutional requirements of procedural due process. Therefore, we hold that the said three statutes as written are unconstitutional on their face.

We are advertent to the fact that House Bill 1081, which repeals the three statutes set out above, and which extensively rewrites Chapter 122 of the General Statutes, was ratified 23 May 1973 as Chapter 726 of the 1973 Session Laws. By its terms the effective date of Chapter 726 is 1 September 1973.

While we are not in full agreement with the trial judge's reasons for declaring the statutes unconstitutional, we nevertheless agree with his ultimate conclusion that they are unconstitutional.

Affirmed.

Judges MORRIS and PARKER concur.